

U.S. Department of Justice
*United States Attorney*
*District of New Jersey*

| | |
|---|---|
| PAUL J. FISHMAN<br>United States Attorney<br><br>JASON M. RICHARDSON<br>Assistant United States Attorney | CAMDEN FEDERAL BUILDING & U.S. COURTHOUSE    856/757-5026<br>401 Market Street, 4th Floor                                           Fax: 856/968-4917<br>Post Office Box 2098                                               Direct Dial: 856/968-4869<br>Camden NJ 08101-2098 |

October 15, 2013

JMR:Tax\Domicio - 2011R00412
Plea4

Lori M. Koch, Esquire
Assistant Federal Public Defender
800 Hudson Square, Suite 350
Camden, New Jersey 08102

      Re:    Plea Agreement with Frank Dominico     *11 cr532 (NLH).*

Dear Ms. Koch:

      This letter sets forth the plea agreement between your client, Frank Dominico, and the United States Attorney for the District of New Jersey ("this Office").

## Charge

      Conditioned on the understandings specified below, this Office will accept a guilty plea from Frank Dominico to Count 1 of the Indictment, Criminal No. 11-532 (NLH), which charges him with subscribing to a false income tax return, in violation of 26 U.S.C. 7206(1). If Frank Dominico enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Frank Dominico for filing false and fraudulent income tax returns for tax years 2004 through 2009. In addition, if Frank Dominico fully complies with all of the terms of this agreement, at the time of sentencing in this matter, this Office will move to dismiss counts 2 through 6 of the Indictment, Criminal No. 11-532, against Frank Dominico. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Frank Dominico agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Frank Dominico may be commenced against him, notwithstanding the expiration of the limitations period after Frank Dominico signs the agreement. Should the Court reject the terms of this agreement and so advise the parties

pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure, neither party will be bound by this agreement – Frank Dominico may withdraw his plea of guilty and the United States may pursue this or any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Frank Dominico, notwithstanding the expiration of the limitations period after Frank Dominico signs the agreement.

### Sentencing

The violation of 26 U.S.C. § 7206 to which Frank Dominico agrees to plead guilty carries a statutory maximum prison sentence of 3 years, and a statutory maximum fine equal to the greatest of: (1) $100,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Frank Dominico is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Frank Dominico ultimately will receive. However, should the Court impose a sentence greater than 18 months imprisonment, the defendant may withdraw his guilty plea.

Further, in addition to imposing any other penalty on Frank Dominico, the sentencing judge: (1) will order Frank Dominico to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Frank Dominico to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may order Frank Dominico, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; (4) may order Frank Dominico to pay the costs of prosecution; and (5) pursuant to 18 U.S.C. § 3583, may require Frank Dominico to serve a term of supervised release of not more than 1 year, which will begin at the expiration of any term of imprisonment imposed. Should Frank Dominico be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Frank Dominico may be sentenced to not more than 1 year imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), this Office and the defendant agree that the appropriate disposition of this case is a period of incarceration of 18 months and 1 year term of supervised release. The parties further agree that a sentence of 18 months imprisonment and a 1 year term of supervised release is reasonable in accordance with the statutory factors enumerated in 18 U.S.C. §3553(a). Accordingly, if the Court accepts this plea agreement, Frank Dominico will be sentenced to 18 months incarceration and a 1 year term of supervised release.

### Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Frank Dominico by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Frank Dominico's activities and relevant conduct with respect to this case.

### Stipulations

This Office and Frank Dominico agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Frank Dominico from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

### Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Frank Dominico waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

### Immigration Consequences

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offense(s) will likely result in him being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense(s) regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

### Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Frank Dominico. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil or administrative proceeding against Frank Dominico.

Frank Dominico agrees to allow the contents of his IRS criminal file to be given to civil attorneys and support staff of the Internal Revenue Service to enable them to investigate any and all civil penalties that may be due and owing by Frank Dominico. With respect to disclosure of the criminal file to the Internal Revenue Service, Frank Dominico waives any rights under Title

26, United States Code, Section 7213 and Fed. R. Crim. P. 6(e), and any other right of privacy with respect to Frank Dominico's tax returns and return information.

The defendant agrees to cooperate fully with the Internal Revenue Service as follows:

A. Prior to sentencing, the defendant will properly execute and deliver to the IRS Examination Division IRS Form 4549, agreeing to tax, interest and Internal Revenue Code Section 6663 penalties, for the years 2004 through 2009.

B. Prior to sentencing, the defendant will make a full financial disclosure to the Internal Revenue Service, including IRS Form 433A, if requested by the Internal Revenue Service.

C. Prior to sentencing, the defendant agrees to provide the Internal Revenue Service with all requested documents and information for the purpose of a civil audit.

D. Prior to sentencing, the defendant will pay to the Internal Revenue Service all taxes due and owing. If the defendant is unable to pay the taxes due and owing then he shall make satisfactory repayment arrangements with the Internal Revenue Service prior to sentencing.

E. The defendant agrees to pay all interest and penalties as determined by the Internal Revenue Service to be due and owing within the period of probation/supervised release. The defendant further agrees to pay all state and local taxes due and owing for these years within the period of supervised release or probation.

F. The defendant further agrees not to file any claims for refund of taxes, penalties and interest for the years 2004 through 2009 or for any other amounts paid pursuant to this agreement.

G. Defendant agrees that subparagraphs D, E and F of this paragraph are appropriate conditions of supervised release or probation.

I. The defendant agrees to fully cooperate with the Internal Revenue Service and comply with the tax laws of the United States.

J. Nothing in this agreement shall limit the Internal Revenue Service in its collection of any taxes, penalties or interest due from the defendant.

<u>No Other Promises</u>

      This agreement constitutes the plea agreement between Frank Dominico and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

      Very truly yours,

      PAUL J. FISHMAN
      United States Attorney

BY:   JASON M. RICHARDSON
      Assistant U.S. Attorney

APPROVED:

R. STEPHEN STIGALL
Attorney-in-Charge, Camden

I have received this letter from my attorney, Lori Koch, Esquire. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge(s), sentencing, stipulations, waiver, and immigration consequences, as well as the impact Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure has upon this agreement. I Further understand that I am giving up certain important rights, including my right to trial by jury, my right to appeal the conviction and sentence in this case, and my right to file a petition for habeas corpus pursuant to 28 U.S.C. § 2255. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____     Date: 10/16/13
FRANK DOMINICO

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge(s), sentencing, stipulations, waiver, and immigration consequences, as well as the impact Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure has upon this agreement. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____     Date: 10/16/13
LORI KOCH, ESQUIRE
Assistant Federal Public Defender

7

Plea Agreement With Frank Dominico

Schedule A

1. This Office and Frank Dominico recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Frank Dominico nevertheless agree to the stipulations set forth herein.

2. The version of the United States Sentencing Guidelines effective November 1, 2011 applies in this case. The applicable guideline is U.S.S.G. § 2T1.1. Frank Dominico's false and fraudulent income tax returns resulted in the following approximate criminal tax losses:

  A. $129,210.00 for the tax year 2004,
  B. $187,268.00 for the tax year 2005,
  C. $149,483.00 for the tax year 2006,
  D. $208,826.00 for the tax year 2007,
  E. $ 165,534.00 for the tax year 2008.

3. The aggregate criminal tax loss for the above-referenced years totals $840,321.00. Pursuant to the Tax Table at U.S.S.G. § 2T4.1, U.S.S.G. § 2T4.1(H) applies because the aggregate tax loss is more than $400,000.00 but less than $1,000,000.00. Thus, the base offense level is 20.

4. The application of this guideline results in a base offense level of 20.

5. Should Frank Dominico enter this guilty plea then the Government will not argue that U.S.S.G. § 3B1.3 applies.

6. As of the date of this letter, Frank Dominico has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Frank Dominico's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

7. As of the date of this letter, Frank Dominico has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Frank Dominico's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Frank Dominico enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Frank Dominico's acceptance of responsibility has continued through the date of sentencing and Frank Dominico therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Frank Dominico's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

8. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Frank Dominico is 17 (collectively, "the agreed total Guidelines offense level").

9. Notwithstanding the above calculations, and pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agree that a sentence of 18 months imprisonment and a 1 year term of supervised release (hereinafter the "Stipulated Sentence") is reasonable, and neither party will argue for a sentence above or below the Stipulated Sentence.

10. Frank Dominico knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence is in accordance with the terms of this agreement, that is, the Stipulated Sentence. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence is in accordance with the terms of this agreement, that is, the Stipulated Sentence. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

11. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.